UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

IN RE:

Charles Edward Allen, Jr.,
*aka* Charles E. Allen,
      Debtor.

CASE NO.: 22-10418-SDB

CHAPTER 13

## MOTION TO APPROVE PARTIAL CLAIM

COMES NOW Planet Home Lending, LLC ("Secured Creditor"), by and through counsel, files this "Motion to Approve Partial Claim" by showing to this Honorable Court the following:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1334, 151 and 157.

2.

This Court is the proper venue for this matter pursuant to 28 U.S.C. Section 1409.

3.

This matter is a core proceeding as defined in 28 U.S.C. Section 157(b)(2)(D).

4.

Debtor filed the petition for relief in the above-styled Chapter 13 case on June 16, 2022.

5.

Secured Creditor hold a valid lien on the real property located 2128 Willhaven Dr., Augusta, GA 30909.

6.

Under the current loan, the amount owed was $223,769.42 with a current interest rate of 2.8750% (Fixed). The total monthly payment is $1,117.72.  The loan originated on July 29, 2020 and will mature on August 1, 2050.

7.

Secured Creditor and Debtor have reached an agreement to modify the loan.  The principal amount owed under the modified loan will be $10,724.06. There is no interest rate or monthly payment on a Partial Claim as the principal amount will be due on the maturity date. The maturity date of the modified loan will be August 1, 2050. (Exhibit A)

8.

Secured Creditor seeks this Court's approval as a condition to the effectiveness of the agreement.  No parties will be prejudiced by approval of this agreement.

**WHEREFORE**, Secured Creditor, respectfully requests this Honorable Court enter an Order Granting the Motion to Approve Partial Claim, and for any such further relief as this Honorable Court deems just and proper.

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

/s/ Andrea L. Betts
Andrea L. Betts
Georgia Bar # 432863
10700 Abbott's Bridge Road, Suite 170
Duluth, GA  30097
Telephone: 470-321-7112
Fax: 404-393-1425
Email: abetts@raslg.com

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that on October 31, 2022 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Charles Edward Allen, Jr.
2128 Willhaven Dr.
Augusta, GA 30909

**And via electronic mail to:**

Angela Williams Seymour
Seymour & Associates PC
P O Box 3230
Evans, GA 30809

Huon Le
P.O. Box 2127
Augusta, GA 30903

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401

Date: October 31, 2022

                                            **Robertson, Anschutz, Schneid, Crane**
                                            **& Partners, PLLC**

                                            /s/ Andrea L. Betts
                                            Andrea L. Betts
                                            Georgia Bar # 432863
                                            10700 Abbott's Bridge Road, Suite 170
                                            Duluth, GA  30097
                                            Telephone: 470-321-7112
                                            Fax: 404-393-1425
                                            Email: abetts@raslg.com

# Exhibit A

This Document Prepared By:
**AIMEN SAEED**
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**
**(855) 884-2250**
NMLS#

When Recorded Mail To:
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**

Tax/Parcel #:

_____ [Space Above This Line for Recording Data] _____

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE SECRETARY OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

**VA Partial Claim Loan No.:**
**Primary VA Guaranteed Loan No.:**

# PARTIAL CLAIMS MORTGAGE

### GEORGIA STATE CODE: 560-11-8.14
### EXEMPT SECRETARY OF VETERANS AFFAIRS

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **MARCH 4, 2022**. The mortgagor is **CHARLES E. ALLEN JR AND TANZIE E. ALLEN, HUSBAND AND WIFE.** whose address is **2128 WILLHAVEN DRIVE , AUGUSTA, GEORGIA 30909** ("Borrower"),. This Security Instrument is given to the **Secretary of Veterans Affairs, an Officer of the United States**, whose address is Department of Veterans Affairs, Loan Guaranty Service 3401 West End Avenue, Suite 706 W, Nashville, TN 37203 ("Lender"). Borrower owes Lender the principal sum, as calculated under Title 38 Code of Federal

VA Partial Claims

Page 1

Regulations ("C.F.R."), Section 36.4805(e), of **TEN THOUSAND SEVEN HUNDRED TWENTY-FOUR DOLLARS AND 6 CENTS** (U.S. **$10,724.06**).

This debt is evidenced by Borrower's note, dated the same date as this Security Instrument ("Note"), which provides for the full debt if not paid earlier, due and payable on **AUGUST 1, 2050**.

This debt is evidenced by Borrower's note, dated the same date as this Security Instrument ("Note"), which provides that the repayment of the full principal sum is required immediately upon: (1) the transfer of title to the Property secured by the Security Instrument; or (2) the refinancing or payment in full otherwise, of all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments guaranteed by the Secretary, with which the Note and this Subordinate Mortgage are associated.

BORROWER MAY make payments for this subordinate loan, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment there will be no changes in the due date unless Lender agrees in writing to those changes.

THIS SECURITY INSTRUMENT secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in County of **RICHMOND**, State of **GEORGIA**:

which has the address of **2128 WILLHAVEN DRIVE , AUGUSTA, GEORGIA 30909** ("Property Address");

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

Tax Parcel No.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing, is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend

VA Partial Claims

generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

**UNIFORM COVENANTS**

    **1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

    **2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

    **3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

    **4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Veterans Affairs, Loan Guaranty Service 3401 West End Avenue, Suite 706 W, Nashville, TN 37203 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**7. Acceleration: Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement of Borrower in this Security Instrument. The notice shall specify: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice is given to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Security Instrument to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

VA Partial Claims

Page 4

If the Property is sold pursuant to this Section 7, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the non-judicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided by the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument.

_____Charles E Allen Jr_____   3-28-2022
Borrower: **CHARLES E ALLEN JR**        Date

_____Tanzie E All_____   3-28-2022
Borrower: **TANZIE E ALLEN** *signing solely to acknowledge this   Date
Agreement, but not to incur any personal liability for the debt

_____[Space Below This Line for Acknowledgments]_____

State of **GEORGIA**
County of ___Richmond___ ss.

Signed, sealed and delivered on this _28th_ day of _March_,
_2022_ in the presence of:

_____
Unofficial Witness
Andrew Walden

_____
Notary Public, state of Georgia

_____Richard Pacheco_____
Printed Name

_10-10-2023_
My Commission Expires

Document Prepared By
**AIMEN SAEED**
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**

[Notary Seal: RICHARD T. PACHECO, NOTARY PUBLIC, COLUMBIA COUNTY, GEORGIA, MY COMMISSION EXPIRES OCTOBER 10, 2023]

VA Partial Claims

Page 6

# EXHIBIT A

BORROWER(S): CHARLES E. ALLEN JR AND TANZIE E. ALLEN, HUSBAND AND WIFE.

LOAN NUMBER: ▮▮▮▮▮▮▮▮

LEGAL DESCRIPTION:

The land referred to in this document is situated in the CITY OF AUGUSTA, COUNTY OF RICHMOND, STATE OF GEORGIA, and described as follows:

ALL THAT TRACT, LOT OR PARCEL OF LAND WITH IMPROVEMENTS THEREON, SITUATE, LYING AND BEING IN THE

STATE OF GEORGIA, COUNTY OF RICHMOND, BEING KNOWN AND DESIGNATED AS LOT 118 OF WILLHAVEN SUBDIVISION, PHASE I, AS SHOWN UPON THE PLAT THEREOF RECORDED IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF RICHMOND COUNTY, GEORGIA IN PLAT BOOK 4, PAGES 86-95, REVISED AT PLAT BOOK 5, PAGES 36-45. REFERENCE BEING HEREBY MADE TO SAID PLAT FOR A MORE COMPLETE AND ACCURATE DESCRIPTION AS TO THE METES, COURSES, BOUNDS AND LOCATION OF SAID PROPERTY.

ALSO KNOWN AS: 2128 WILLHAVEN DRIVE , AUGUSTA, GEORGIA 30909